**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RAYMOND HAREWOOD, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

FAIRVIEW NURSING CARE CENTER, INC.

Defendant.

26 Civ. 1951

**COMPLAINT**

**JURY DEMAND**

Plaintiff **RAYMOND HAREWOOD**, through his attorney, James E. Bahamonde of the law firm of James E. Bahamonde, P.C., respectfully submits this Complaint against Defendant **FAIRVIEW NURSING CARE CENTER, INC.** alleges as follows:

## NATURE OF THE CASE

1. Despite decades of clear mandates under the Fair Housing Act, the Rehabilitation Act, and the Americans with Disabilities Act, Defendant, the owner and operator of a 24-hour rehab center and nursing home facility, has engaged in intentional disability discrimination against individuals with mobility impairments who must use scooters to ambulate, by forbidding them entry into its their facility. These deliberate and systemic actions deny Plaintiff, and all others similarly situated, equal access to, and full enjoyment of, Defendant's facility. As a result, mobility-impaired individuals are unjustly excluded and deprived of the terms, conditions, privileges, and services that Federal, State, and City laws require of Defendant.

2. Notwithstanding the fact that Defendant's facility exists to serve disabled persons, it has implemented a blanket policy that prohibits access to Plaintiff – and other similarly situated individuals, entry into their facility because they use scooters to ambulate. This unlawful policy prevents these individuals from visiting family, friends and other acquaintances who stay

or reside in Defendant's facility.

3. Plaintiff files this action on behalf of himself, and as an action for those similarly situated, complaining of violations of Fair Housing Act, 42 USC § 3601, *et seq*., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. §18111 *et seq.,* Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq*., New York State Human Rights Law § 296 *et seq*., New York State Civil Rights Law § 40-c and 40-d, and New York City [Administrative Code] Human Rights Law § 8-107 *et seq*.

4. Plaintiff seeks to enjoin Defendant's discriminatory practices which violate the Fair Housing Act, (hereinafter "FHA") the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, (hereinafter "ACA"), Title III of the Americans with Disabilities Act, (hereinafter "ADA"), New York State Human Rights Law (hereinafter "NYHRL"), and New York City Human Rights Law (hereinafter "NYCHRL").

5. Plaintiff also seeks a declaratory judgment, and equitable and injunctive relief for Defendant's discrimination in violation of FHA, the Rehabilitation Act, ACA, ADA, NYHRL, N.Y. Exec. Law § 296, *et seq*., and NYCHRL § 8-107, *et seq*.

6. In addition, Plaintiff seeks compensatory damages against Defendant for each violation of the FHA, ACA, NYHRL, and NYCHRL.

7. Lastly, Plaintiff seeks punitive damages against each Defendant for its reckless and/or callous indifference to Plaintiffs' rights under the FHA, and NYHRL, and NYCHRL.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. § 2201, 29 U.S.C. § 794(a), and 42 U.S.C. § 3613.

9. Declaratory relief is authorized by 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. §§ 2201, 42 U.S.C. § 12133, 42 U.S.C. § 12188(a), and Rule 65 of the Federal Rules of Civil Procedure.

10. This Court has supplemental jurisdiction over the New York State and New York City causes of action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, or omissions, giving rise to this action, including the unlawful practices alleged herein, occurred within the District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal office is located in Queens County, New York.

**THE PARTIES**

13. Plaintiff **RAYMOND HAREWOOD** is a resident of North Amityville, Suffolk County, New York. He has musculoskeletal and nervous system impairments caused by degenerative hip disease, spinal fusion surgery, a bulging disc, hernia, and sciatica. Because of these impairments and injuries, Mr. Harewood is substantially limited in walking, climbing, jumping, bending, lifting, reaching, performing manual tasks, working, and caring for himself. These impairments cause chronic pain, restricted mobility, nerve dysfunction, and postural intolerance that substantially limit his daily activities and functioning compared to most people in the general population.

14. Because of Plaintiff's physical impairments, he relies upon a scooter to ambulate and is a qualified individual with a disability within the meaning of all applicable statutes.

15. Defendant FAIRVIEW NURSING CARE CENTER, INC. is a domestic business corporation authorized by the Secretary of State of New York to do business in New York State with its principal County of business designated as New York County, New York.

16. During all relevant times, Defendant owns and operates Fairview Rehab & Nursing Home, a 24-hour rehab center and nursing home located at 69-70 Grand Central Pkwy., Forest Hills, NY.

17. Upon information and belief, Fairview Rehab & Nursing Home is licensed as a rehab center and nursing home facility with up to 200 beds.

18. Defendant's facility is government-funded and has subsidized programs to provide housing and services to New Yorkers with disabilities.

19. Defendant receives federal funding through Medicare and Medicaid to operate their facility, program and activities.

**CLASS ACTION**

20. Plaintiff brings this suit for declaratory and injunctive relief, and as a class action for all those similarly situated who, as persons who must use a scooter by reason of various disabilities, and use, or desire to use, the services and accommodations offered to the public by Defendant, are protected by, and beneficiaries of relevant provisions of the FHA, ADA, ACA, NYHRL and NYCHRL.

21. Plaintiff, complaining for himself and all other residents in the City of New York and State of New York similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative party will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY AND REGULATORY FRAMEWORK

22. Under the FHA, the Rehabilitation Act, the ACA, ADA, NYHRL, and NYCHRL, a skilled nursing facility and nursing home provider is required to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunity to use and enjoy their dwelling or facility.

23. Federal, State, and City laws impose vicarious liability on principals or employers, making them legally responsible for the acts, conduct, and statements of their agents or employees.

24. The FHA, NYHRL, and NYCHRL prohibit discrimination in the terms, conditions, or privileges of a rental, or in the provision of services or facilities in connection with the sale of a dwelling because of disability, 42 U.S.C. § 3604(f)(2).

25. The NYCHRL requires Defendant to participate in a cooperative dialogue with individuals requesting reasonable accommodations due to a disability, in order to identify and provide the appropriate accommodations.

26. Failing to participate in the cooperative dialogue is defined as unlawful disability discrimination under the NYCHRL.

## FACTUAL BACKGROUND

27. During all relevant times, Plaintiff **RAYMOND HAREWOOD** has, and has had, musculoskeletal and nervous system conditions which substantially limit his ability to walk, climb, jump, bend, lift, reach, perform manual tasks, work, and engage in self-care.

28. Due to his physical disabilities, Mr. Harewood is unable to ambulate without significant pain. As such, he relies on a scooter for mobility.

29. In or around January 2026, Plaintiff learned that his cousin was in hospice and admitted to Defendant's nursing care facility.

30. On or around January 29, 2026, Plaintiff traveled to Defendant's facility, Fairview Rehab & Nursing Home, in Forest Hills to visit his cousin. However, upon entering Defendant's facility its agents and/or employees refused to allow him entry into facility because of his scooter. Despite Plaintiff explaining to Defendant's agents and/or employees that he has a mobility disability and the reasons why he must use a scooter to ambulate, Defendant's agents and/or employees refused to allow him access to the facility contending that his use of a scooter is against Defendant's policy. In disbelief, Mr. Harewood insisted that Defendant's agents and/or employees allow him to see his cousin because the cousin was in hospice care and may not have much time left to live. Defendant's agents and/or employees still refused claiming it was policy, and an unidentified female employee even asserted that the scooter could pose a safety risk.

31. Mr. Harewood then asked Defendant's agents and/or employees if he could use one of the several unused manual wheelchairs that were lined up against the wall in the lobby. However, Defendant's agents and/or employees refused this request claiming it was also against Defendant's policy because they were only for use by patients.

32. Instead, Defendant's agents and/or employees instructed Mr. Harewood to use a cane to walk to the room where his cousin was located, but refused to allow Mr. Harewood to leave his scooter in the lobby/waiting room. Left with no alternative, Mr. Harewood parked his scooter on the outside of the facility and then made the difficult, physically excruciating journey to his cousin's room using only a walking cane, and traveled back via the same means. The toll that walking even the distance from his scooter outside the facility to his cousin's room caused Mr. Harewood significant physical strain and exacerbated an existing musculoskeletal and

nervous system conditions, which resulted in Mr. Harewood experiencing severe back pain, and caused him to seek emergency room care.

33. The following day, Plaintiff returned to Defendant's facility to request a copy of the purportedly written policy that Defendant admitted restricted individuals with mobility impairments who use scooters from entering the premises. A female employee, whose identity remains unknown, and Carlos Bonilla, whose specific job title is also unknown, informed Plaintiff that they did not have access to the written policy. Nonetheless, both individuals reiterated Defendant's policy that he is not permitted to enter the facility using a scooter because of safety. Mr. Bonilla further admitted that they also do not allow their patients to use scooters.

34. During all relevant times, Defendant and its agents were aware of Plaintiff's mobility impairments not only because they were obvious, but also because he informed them the nature of his physical disability and the accompanying limitations.

35. Defendant failed to assess or evaluate the reasonable accommodations requested by Plaintiff.

36. Defendant failed to engage Plaintiff in a cooperative dialogue to determine the reasonable accommodations requested.

## LEGAL CLAIMS

## FIRST CAUSE OF ACTION

(Violations of the Fair Housing Act, 42 USC 3604 et seq.)

37. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

38. During all relevant times, Plaintiff has had a handicap as defined in 42 U.S.C. §

3602(h).[1]

39. Defendant regarded Plaintiff as having an impairment that substantially limits one or more major life activities.

40. Plaintiff has a record of having a physical impairment that substantially limits one or more major life activities. Plaintiff is an "aggrieved person" as defined in 42 U.S.C. §§ 3602(i) and 3613(a)(1)(A).

41. Defendant owns and leases dwellings, as defined by 42 U.S.C. § 3602(b).

42. Defendant has discriminated against Plaintiff in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability in violation of 42 U.S.C. § 3604(f)(2).

43. Defendant has discriminated against Plaintiff by making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on disability, or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. § 3604(c).

44. Defendant has discriminated against Plaintiff in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability in violation of 42 U.S.C. § 3604(f)(2).

45. Defendant has discriminated against Plaintiff by refusing to make reasonable accommodations in the rules, policies, practices, or services, when such accommodations are

---

[1] The Fair Housing Act Amendments ("FHAA") uses the term "handicap" rather than "disability." Both terms have the same legal meaning. *See Bradgon v. Abbott*, 524 U.S. 624, 631 (1998). This complaint uses the terms "disability" and "handicap" interchangeably. The term "disability" is more generally accepted.

necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

46. Defendant has pursued their discriminatory practices for the purpose, and/or with the effect, of excluding individuals with physical disabilities who use a scooter from entering Defendant's facility.

47. As a direct and proximate result of Defendant's unlawful discrimination in violation of the Fair Housing Act, Plaintiff suffered, continues to suffer, and will in the future suffer, physical injury, exacerbation of musculoskeletal and nervous system conditions, substantial interference with his use and enjoyment of the facility, substantial loss of opportunity, great and irreparable loss and injury, physical and emotional distress and pain-- including but not limited to great levels of fear for safety, anxiety, insomnia, indignity, humiliation, loss of self-esteem and self-confidence, and attendant bodily injury, violently ill, vomiting, stomach aches, physical pain, high blood pressure, migraine headaches, and otherwise sustained injury.

48. As a direct and proximate result of Defendant's unlawful discrimination in violation of the Fair Housing Act, Plaintiff has been injured and incurred actual and compensatory damages, and has suffered loss of opportunity.

49. Plaintiff is entitled to injunctive relief, attorney's fees, costs, and disbursements, and damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged access.

50. Defendant's discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendant also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under 42 U.S.C. § 3613(c).

**SECOND CAUSE OF ACTION**
**(Violations of the Rehabilitation Act, 29 USC § 794a)**

51. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

52. Defendant is a "program or activity" receiving federal financial assistance within the meaning of 29 U.S.C. § 794 and 24 CFR § 8.3.

53. Plaintiff is a qualified individual with disabilities.

54. By reason of Plaintiff's disability, Defendant excluded him from participation in, denied the benefits of, or otherwise subjected him to discrimination in violation of the Rehabilitation Act.

55. By reason of Plaintiff's disability, Defendant denied Plaintiff meaningful access to its facility and failed to provide reasonable accommodations and program adjustments necessary to afford Plaintiff equal opportunity to use and enjoy the facilities.

56. By reason of Plaintiff's disability, Defendant failed to provide Plaintiff an opportunity to participate in, or benefit from, the housing, aid, benefit, or services that is equal to that afforded to others; not as effective in affording an equal opportunity to obtain the same results, to gain the same benefit, or to reach the same level of achievement is that provided to others in violation of the Rehabilitation Act.

57. By reason of Plaintiff's disability, Defendant provided housing, aid, benefit, or services to Plaintiff, and all others similarly situated, that is different to, or separate from, that provided to others in violation of the Rehabilitation Act.

58. Defendant and its agents limited Plaintiff, and all others similarly situated, the enjoyment of any right, privilege, advantage, or opportunity enjoyed by other qualified individuals receiving the housing, aid, benefit, or service in violation of the Rehabilitation Act.

59. Defendant's conduct constitutes intentional discrimination because Defendant was deliberately indifferent to Plaintiff's federally protected rights.

60. Defendant had actual knowledge of Plaintiff's disability-related needs and the substantial likelihood of harm because Plaintiff notified Defendant and its agents that (i) he cannot safely ambulate without the use of a scooter; (ii) he has excruciating pain when ambulating without the use of a scooter; (iii) informed Defendant and its agents that his cousin is in hospice care and he must be permitted to see his cousin because it was unknown how much longer his cousin would live.

61. Despite this notice, Defendant failed to take prompt and effective corrective action within its authority and then refused to make reasonable accommodations.

62. Defendant's inaction and delays constituted a conscious or reckless disregard of the known and substantial risk that Plaintiff would be denied meaningful access to the Defendant's facility and would suffer harm.

63. As a direct and proximate result of Defendant's deliberate indifference, Plaintiff suffered, continue to suffer, and will in the future suffer, physical injury, exacerbation of musculoskeletal and nervous system conditions, substantial interference with his use and enjoyment of the facility, substantial loss of opportunity, great and irreparable loss and injury, physical and emotional distress and pain-- including but not limited to great levels of fear for safety, anxiety, insomnia, indignity, humiliation, loss of self-esteem and self-confidence, and attendant bodily injury, violently ill, vomiting, stomach aches, physical pain, high blood pressure, migraine headaches, and otherwise sustained injury.

64. Plaintiff is entitled to injunctive relief, attorney's fees, costs, and disbursements, and damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct

and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. §794 (a).

65. As a direct and proximate result of Defendant's unlawful discrimination in violation of the Rehabilitation Act, Plaintiff has been injured and has suffered loss of opportunity.

**THIRD CAUSE OF ACTION**
**(Violation of Patient Protection and Affordable Care 42 U.S.C. § 18116, *et seq.)***

66. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

67. The ACA prohibits discrimination against people with disabilities in any health program or activity that directly receives federal financial assistance. See 42 U.S.C. § 18116(a); 45 C.F.R. § 92.2.

68. During all relevant times, Plaintiff has had substantial limitations to the major life functions of walking, climbing, jumping, bending, lifting, reaching, performing manual tasks, working, and caring for himself, and has been regarded as a person with a disability within the meaning of 42 U.S.C. § 18116.

69. Defendant is a "covered entity" because it administers health programs or activities and receives federal financial assistance through at least the Medicare and/or Medicaid program. 45 C.F.R. § 92.4.

70. Defendant is a health program or activity receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

71. Plaintiff is an "aggrieved" person under Section 1557 of the ACA, and has been injured by Defendant's discriminatory conduct and suffered damages. 42 U.S.C. § 18116(b); 45 C.F.R. § 92.301.

72. During all relevant times, Defendant has employed 15 or more persons.

73. Individuals with physical impairments who use a mobility scooter for ambulation

are defined as individuals with disabilities under the ACA. 42 U.S.C. § 18116(a).

74. The ACA requires, inter alia, that Defendant administer its programs in a manner that does not discriminate against people with disabilities and requires they provide people with disabilities equal access to benefits and services.

75. Defendant denied Plaintiff the benefit of or otherwise subjected him to discrimination on the basis of his disability and use of a scooter for ambulation in violation of the ACA.

76. Defendant discriminated against and continues to discriminate against qualified individuals with disabilities who use scooters to ambulate, by refusing to allow them entry into their skilled nursing facility and nursing home because of these individuals use of a scooter in violation of the ACA.

77. Defendant failed to make reasonable accommodations in policies, practices, or procedures when accommodations were necessary to avoid discrimination on the basis of disability in violation of the ACA.

78. Defendant has failed to make reasonable accommodations to its policies, practices, or procedures that are necessary for disabled individuals who use scooters to participate in and enjoy the entry, and use of the benefits and privileges of Defendant's skilled nursing facility and nursing home.

79. Upon information and belief, Defendant has failed to designate and authorize at least one employee as the "Section 1557 Coordinator" as required by the ACA.

80. Upon information and belief, Defendant has failed to train its employees about the requirements of the ACA.

81. Upon information and belief, Defendant has failed to implement policy and

procedures regarding its requirements under the ACA.

82. Defendant failed to implement policies, procedures, and training of staff necessary to ensure compliance with the Patient Protection and Affordable Care Act.

83. Plaintiff is entitled to injunctive relief, attorney's fees, costs, and disbursements, and compensatory damages for the injuries and loss they sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 42 U.S.C. § 18116(a).

**FOURTH CAUSE OF ACTION**
**(Violation of Titles III of the Americans with Disabilities Act)**
(Injunctive Relief)

84. Plaintiff has a disability as that term is defined by the ADA.

85. Defendant's facility, located at 69-70 Grand Central Parkway, Forest Hills, New York, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, NYHRL § 292(9), and the New York City Administrative Code § 8-102(9) ("place or provider of public accommodation").

86. The primary function of Defendant's public accommodation is skilled nursing care and nursing home services.

87. Defendant's public accommodation is not fully accessible to, or readily useable by individuals with mobility disabilities who use scooters.

2. Defendant has discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S.C. § 12182(a).

88. Defendant has subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S.C. § 12182(b)(1)(A)(i).

89. Defendant has not afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S.C. § 12182(b)(1)(A)(ii).

90. Defendant has provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S.C. § 12182(b)(1)(A)(ii).

91. On the basis of a disability or disabilities, Defendant has unlawfully discriminated against Plaintiff, and all others similarly situated, by providing such individuals directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of42 U.S.C. § 12182(b)(1)(A)(iii).

92. Defendant has not afforded Plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S.C. § 12182(b)(1)(B).

93. Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that are not separate or different in violation 42 U.S.C. § 12182(b)(1)(C).

94. Defendant has, directly or through contractual or other arrangements, utilize standards or criteria or methods of administration that have the effect of discriminating on the basis of disability in violation of 42 U.S.C. § 12182(b)(1)(D)(i).

95. Defendant has imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S.C. § 12182(b)(2)(A)(i).

96. Defendant has failed to make reasonable modifications in its policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S.C. § 12182(b)(2)(A)(ii).

97. Defendant should have achieved accessibility by January 26, 1992.

98. The barriers to access Defendant's public accommodation continue to exist.

99. Reasonable modification(s) exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

100. Reasonable modification(s) could be made which do not fundamentally alter the nature of the Defendant's program or activity.

101. The removal of existing unlawful policies and practices do not pose an undue hardship.

102. Defendant failed to implement policies, procedures, and training of staff necessary

to ensure compliance with Title III of the ADA and implementing regulations.

103. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorney's fees, costs, and disbursements pursuant to the ADA.

**FIFTH CAUSE OF ACTION**

**(Violations of New York State Human Rights Law)**

104. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

105. Plaintiff and Defendant are "persons" as defined in New York State Executive Law § 292(1).

106. Plaintiff has a disability as defined in New York State Executive Law § 292(21).

107. Defendant's facility located at 69-70 Grand Central Parkway, Forest Hills, New York, has "housing accommodations" as defined in New York State Executive Law § 292(10).

108. Defendant owns, operates, or leases a public accommodation within the meaning of NYHRL § 292(9).

109. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of NYHRL § 296.

110. Defendant's direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other visitors to Defendant's facility.

111. Defendant has, on the basis of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation in violation of NYHRL § 296(2)(a).

112. Defendant has refused to make reasonable modifications in its policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages

or accommodations to Plaintiff in violation of NYHRL § 296(2)(a)(i).

113. The reasonable modifications requested by Plaintiff would not fundamentally alter the nature of such facilities, privileges, advantages or accommodations provided by Defendant.

114. Defendant's facility contains three or more separate housing accommodations.

115. Defendant has discriminated against Plaintiff by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling and public accommodation in violation of New York State Executive Law § 296(18)(2).

116. Defendant has discriminated against Plaintiff, on the basis of disability, in the terms, conditions or privileges of rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith in violation of New York State Executive Law §§ 296(5)(a)(2) and 296(5)(b)(2).

117. Defendant and their agents have aided, abetted, incited, compelled, or coerced the doing of any of the acts forbidden under the NYHRL, or attempted to do so in violation of New York State Executive Law § 296(6).

118. As a direct and proximate result of Defendant's unlawful discrimination in violation of the New York State Executive Law, Plaintiff suffered, continue to suffer, and will in the future suffer, physical injury, exacerbation of his musculoskeletal and nervous system conditions, substantial interference with his use and enjoyment of Defendant's facility, great and irreparable loss and injury, physical and emotional distress and pain-- including but not limited to great levels of fear for safety, anxiety, insomnia, indignity, humiliation, loss of self-esteem and self-confidence, and attendant bodily injury, violently ill, vomiting, stomach aches, physical pain, high blood pressure, migraine headaches, and otherwise sustained injury.

119. As a direct and proximate result of Defendant's unlawful discrimination in violation of the New York State Executive Law, Plaintiff has been injured and is entitled to actual and compensatory damages, injunctive relief, and reasonable attorney's fees and costs for Defendant's unlawful discrimination in violation of the New York State Executive Law.

120. Defendant's discriminatory actions in violation of the New York State Executive Law were intentional, willful, and with reckless disregard for the rights of Plaintiff. Defendant also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under New York Executive Law § 297(10).

**SIXTH CAUSE OF ACTION**
**(Violation of New York State Civil Rights Law)**
(Statutory Damages on Behalf of Plaintiff)

121. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

122. On the basis of Plaintiff's disability, Defendant has violated his Civil Rights.

123. Consequently, Plaintiff is entitled to recover the penalty prescribed by the New York Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

124. Pursuant to the New York Civil Rights law, Defendant is guilty of a class A misdemeanor.

125. Notice of the action has been served upon the Attorney-General as required by the New York Civil Rights Law § 40-d.

**SEVENTH CAUSE OF ACTION**
**(Violations of New York City Human Rights Law)**

126. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

127. During all relevant times, Plaintiff has had a disability as defined by the NYCHRL, NYC Administrative Code § 8-102(16).

128. Plaintiff is a person as defined by NYCHRL § 8-102(1).

129. Defendant's facility located at 69-70 Grand Central Parkway, Forest Hills, New York, is a place or provider of public accommodation within the meaning of New York City Administrative Code § 8-102(9).

130. The skilled nursing care and nursing home facility operated by Defendant is a "housing accommodation" as defined by the NYCHRL § 8-102(10).

131. Plaintiff is a "person aggrieved" as defined by the NYCHRL, New York City Administrative Code § 8-102.

132. Plaintiff made several requests for a "reasonable accommodation" as defined by the NYCHRL, New York City Administrative Code § 8-102(18).

133. Reasonable accommodations requested by Plaintiff were necessary to enable him the ability to enjoy and use Defendant's public accommodation.

134. The conduct of Defendant and its agents constitutes a failure to provide Plaintiff with reasonable accommodations and modifications in violation of NYCHRL § 8-107(15).

135. In violation of New York City Administrative Code, the owner, lessee, proprietor, manager, agent and employee of Defendant's public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

136. Defendant has directly or indirectly made a declaration, published, circulated, issued, displayed, posted, or mailed any written or printed communication, notice or

advertisement, to the effect that the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, facilities and privileges of any such place, or provider of public accommodation, shall be refused, withheld from, or denied to any person on account of disability in violation of New York City Administrative Code § 8-107(4)(2)(a).

137. Defendant has directly or indirectly made any declaration, published, circulated, issued, displayed, posted or mailed any written or printed communication, notice or advertisement, to the effect that the patronage or custom of any person is unwelcome, objectionable, not acceptable, undesired or unsolicited because of such person's actual or perceived disability in violation of New York City Administrative Code § 8-107(4)(2)(b).

138. In violation of the New York City Administrative Code, on the basis of Plaintiff's disability, Defendant has demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

139. Defendant has discriminated against Plaintiff because of actual or perceived disability in the terms, conditions, or privileges of the lease of a housing accommodation, or an interest therein, or in the furnishing of facilities or services in connection therewith, in violation of the NYCHRL, New York City Administrative Code § 8-107(5)(a)(1)(b).

140. Defendant has aided, abetted, incited, compelled and coerced the doing of acts forbidden under the Administrative Code, or attempted to do so in violation of NYCHRL, New York City Administrative Code § 8-107(6).

141. Defendant has discriminated against Plaintiff for failing to make reasonable accommodation to enable Plaintiff, a person with a disability, to have equal opportunity to use and enjoy a dwelling in violation of the NYCHRL, New York City Administrative Code § 8-107(15).

142. The reasonable accommodation requested by Plaintiff does not impose an undue

hardship on Defendant.

143. With the reasonable accommodation, Plaintiff can enjoy the right, or rights, in question.

144. Defendant has discriminated against Plaintiff for refusing or otherwise failing to engage in the cooperative dialogue within a reasonable time with Plaintiff who has requested a reasonable accommodation in violation of NYCHRL, New York City Administrative Code § 8-107(28)(c).

145. Defendant has failed to engage Plaintiff in a cooperative dialogue to discuss the reasonable accommodation requested within a reasonable time.

146. Defendant failed to provide Plaintiff with a written determination identifying any accommodation granted or denied.

147. The conduct of Defendant constitutes discrimination for refusal, or otherwise failure to engage in good faith in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require an accommodation related to disability in violation of NYCHRL, New York City Administrative Code § 8-107(28)(c).

148. Defendant and its agents engaged in unlawful discriminatory practices by coercing, intimidating, threatening, or interfering with, or attempting to coerce, intimidate, threaten or interfere with, Plaintiff in the exercise or enjoyment of, or on account of such person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to the NYCHRL.

149. Defendant's policy and practice to not allow the use of scooters in their facility has a disparate impact to the detriment of persons with physical disabilities in violation of the

NYCHRL.

150. As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYHRL, Plaintiff suffered, continues to suffer, and will in the future suffer, physical injury, exacerbation of his musculoskeletal and nervous system conditions, substantial interference with his use and enjoyment of the facility, substantial loss of opportunity, great and irreparable loss and injury, physical and emotional distress and pain-- including but not limited to great levels of fear for safety, anxiety, insomnia, indignity, humiliation, loss of self-esteem and self-confidence, and attendant bodily injury, violently ill, vomiting, stomach aches, physical pain, high blood pressure, migraine headaches, and otherwise sustained injury.

151. Plaintiff is entitled to actual and compensatory damages, injunctive relief, and reasonable attorney's fees and costs for Defendant's unlawful discrimination in violation of the NYCHRL.

152. Defendant's discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendant also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, under the NYCHRL, New York City Administrative Code § 700.29(A)(4), Plaintiff is entitled to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

A. Plaintiff seeks declaratory judgment, declaring that the conduct of Defendant constitutes violations of the Fair Housing Act Amendments, the Rehabilitation Act, Americans

with Disabilities Act, the Affordable Care Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law.

B. Issue an injunction permanently enjoining Defendant, its agents, employees, and successors, and all other persons in active concert or participation from discriminating on the basis of disability against any persons in violation of the Fair Housing Act Amendments, the Rehabilitation Act, the Americans with Disabilities Act, the Affordable Care Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law, including an injunction prohibiting the following:

(1) Disability discrimination in violation of the Fair Housing Act Amendments, the Rehabilitation Act, the Americans with Disablities Act, the Affordable Care Act , the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law;

(2) Aiding, abetting, coercing, intimidating and discriminating based on disability;

(3) Refusing to make reasonable accommodations;

(4) Refusing to make a reasonable modification; and

(5) Refusing to engage in an interactive process within a reasonable time;

C. Permanent injunction requiring Defendant to

(1) adopt a policy and procedure to handle requests for reasonable accommodations;

(2) Make all necessary reasonable modifications;

(3) make all necessary reasonable accommodations;

(4) engage Plaintiff, and others similarly situated, in the cooperative dialogue within a reasonable time to determine the necessary accommodation;

(5) provide Plaintiff, and others similarly situated, with a written determination identifying any accommodation granted or denied; and

(6) train all management, agents, and employees on disability rights laws;

D. Have the Court retain jurisdiction over the Defendant until the Court is satisfied that its unlawful practices, acts and omissions no longer exist and will not reoccur.

E. An award of actual, nominal, compensatory and punitive damages for Defendant's violation of the Fair Housing Act, Rehabilitation Act, the Affordable Care Act, the Americans with Disabilities Act, and the New York City Human Rights Law.

F. Award such damages to Plaintiff to compensate for the injuries caused by Defendant's unlawful discrimination in violation of the Fair Housing Act, Rehabilitation Act, the Americans with Disabilities Act, the Affordable Care Act, the New York State Executive Law, and the New York City Human Rights Law;

G. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* and every violation.

H. Pursuant to New York State Civil Rights Law § 40-d, find Defendant guilty of a class A misdemeanor for violating New York Civil Rights Law.

I. Award punitive damages to Plaintiff for Defendant's violation of the Fair Housing Act, the New York State Executive Law, and the New York City Human Rights Law;

J. Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

K. Grant Plaintiff such other further relief as may be just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial on the merits by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 1, 2026

**LAW OFFICE OF JAMES E. BAHAMONDE, P.C.**

By: J-B ______________________

James E. Bahamonde
2501 Jody Court
North Bellmore, NY 11710-1940
Tel. (646) 290-8258
James@CivilRightsNY.com

*Attorneys for Plaintiff*