UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAYMOND HAREWOOD, Individually and on
Behalf of All Others Similarly Situated,

                  Plaintiff,                Civil Action No.: 2:26-cv-01951
                                                (PKC)(JMW)

        -against-

                                                **ANSWER**

FAIRVIEW NURSING CARE CENTER, INC.,

                  Defendant.
------------------------------------------------------------------------X

Defendant Fairview Nursing Care Center, Inc. ("Defendant"), by and through its attorneys, Traub Lieberman Straus & Shrewsberry LLP, submits its Answer to Plaintiff Raymond Harewood's Complaint (the "Complaint"), as set forth below. Any allegations not explicitly admitted are denied. Headings contained in the Complaint are not substantive allegations to which an answer is required and to the extent that headings are repeated in the Answer, it is solely for reference purposes. To the extent any allegations herein are not answered and it is determined that an answer was required, Defendant denied the allegations.

**NATURE OF THE CASE**

1.      Denies the allegations set forth in paragraph "1" of the Complaint.

2.      Denies the allegations set forth in paragraph "2" of the Complaint.

3.      Denies the allegations set forth in paragraph "3" of the Complaint except to the extent such allegations characterize the lawsuit to which no response is required.

4.      Denies the allegations set forth in paragraph "4" of the Complaint except to the extent such allegations characterize the lawsuit to which no response is required.

5.    Denies the allegations set forth in paragraph "5" of the Complaint except to the extent such allegations characterize the lawsuit to which no response is required.

6.    Denies the allegations set forth in paragraph "6" of the Complaint except to the extent such allegations characterize the lawsuit to which no response is required.

7.    Denies the allegations set forth in paragraph "7" of the Complaint except to the extent such allegations characterize the lawsuit to which no response is required.

**JURISDICTION AND VENUE**

8.    The allegations set forth in paragraph "8" of the Complaint contains conclusions of law with respect to the Court's subject matter jurisdiction and as such require no response.

9.    The allegations set forth in paragraph "9" of the Complaint contains conclusions of law with respect to the Court's powers of equity and as such require no response.

10.    The allegations set forth in paragraph "10" of the Complaint contains conclusions of law with respect to the Court's supplemental jurisdiction over claims under state and local laws and as such require no response.

11.    The allegations set forth in paragraph "11" of the Complaint contains conclusions of law with respect to the venue and as such require no response. To the extent a response is required, Defendant denies the acts complained of in the Complaint and respectfully refers all legal conclusions to the Court.

12.    The allegations set forth in paragraph "11" of the Complaint contains conclusions of law with respect to the venue and as such require no response. To the extent a response is required, Defendant admits that it is located in Queens, New York.

## THE PARTIES

13.    Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.    Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint and respectfully refers all questions of law to the Court.

15.    In response to the allegations set forth in paragraph "15" of the Complaint, admits that Defendant is a domestic business corporation that operates a rehabilitation and nursing facility at 69-70 Grand Central Parkway, Forest Hills, NY, United States, 11375 and respectfully refers all legal conclusions to the Court.

16.    In response to the allegations set forth in paragraph "16" of the Complaint, admit that Defendant is a domestic business corporation that operates a rehabilitation and nursing facility at 69-70 Grand Central Parkway, Forest Hills, NY, United States, 11375.

17.    Admits the allegations set forth in paragraph "17" of the Complaint.

18.    Denies the allegations set forth in paragraph "18" of the Complaint.

19.    Denies the allegations set forth in paragraph "19" of the Complaint.

## CLASS ACTION

20.    The allegations set forth in paragraph "20" of the Complaint characterize the lawsuit and as such require no response. To the extent a response is required, Defendant denies the acts complained of in the Complaint, denies that a class action is appropriate, denies that Plaintiff is entitled to the requested relief and respectfully refers all legal conclusions to the Court.

21.    Denies the allegations set forth in paragraph "21" of the Complaint.

## STATUTORY AND REGULATORY FRAMEWORK

22.     The allegations set forth in paragraph "22" of the Complaint constitute conclusions of law to which no response is required, and Defendant respectfully refers all conclusion of law to the Court.

23.     The allegations set forth in paragraph "23" of the Complaint constitute conclusions of law to which no response is required, and Defendant respectfully refers all conclusion of law to the Court.

24.     The allegations set forth in paragraph "24" of the Complaint constitute conclusions of law to which no response is required, and Defendant respectfully refers all conclusion of law to the Court.

25.     Denies the allegations set forth in paragraph "25" of the Complaint, and to the extent such allegations constitute conclusions of law to which no response is required, Defendant respectfully refers all conclusions of law to the Court.

26.     The allegations set forth in paragraph "26" of the Complaint constitute conclusions of law to which no response is required, and Defendant respectfully refers all conclusion of law to the Court. Defendant denies discriminating against Plaintiff and denies failing to participate in any required cooperative dialog.

## FACTUAL BACKGROUND

27.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

4

29.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Complaint.

31.     Denies the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Complaint.

35.     Denies the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

**LEGAL CLAIMS**
**FIRST CAUSE OF ACTION**
(Violations of the Fair Housing Act, 42 USC 3604 et seq.)

37.     In response to the allegations set forth in paragraph "37" of the Complaint, Defendant repeats, reiterates and realleges each and every response to paragraphs "1" through "36" of the Complaint as if fully set forth herein.

38.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint and respectfully refers all questions of law to the Court.

39.     Denies the allegations set forth in paragraph "39" of the Complaint.

40.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint and respectfully refers all questions of law to the Court.

41.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint and respectfully refers all questions of law to the Court.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     Denies the allegations set forth in paragraph "43" of the Complaint.

44.     Denies the allegations set forth in paragraph "44" of the Complaint.

45.     Denies the allegations set forth in paragraph "45" of the Complaint.

46.     Denies the allegations set forth in paragraph "46" of the Complaint.

47.     Denies the allegations set forth in paragraph "47" of the Complaint.

48.     Denies the allegations set forth in paragraph "48" of the Complaint.

49.     Denies the allegations set forth in paragraph "49" of the Complaint.

50.     Denies the allegations set forth in paragraph "50" of the Complaint.

## SECOND CAUSE OF ACTION
(Violations of the Rehabilitation Act, 29 USC § 794a)

51.     In response to the allegations set forth in paragraph "51" of the Complaint, Defendant repeats, reiterates and realleges each and every response to paragraphs "1" through "50" of the Complaint as if fully set forth herein.

52.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint and respectfully refers all questions of law to the Court.

53.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint and respectfully refers all questions of law to the Court.

54.     Denies the allegations set forth in paragraph "54" of the Complaint.

55.     Denies the allegations set forth in paragraph "55" of the Complaint.

56.     Denies the allegations set forth in paragraph "56" of the Complaint.

57.     Denies the allegations set forth in paragraph "57" of the Complaint.

58.     Denies the allegations set forth in paragraph "58" of the Complaint.

59.     Denies the allegations set forth in paragraph "59" of the Complaint.

60.     Denies the allegations set forth in paragraph "60" of the Complaint.

61.     Denies the allegations set forth in paragraph "61" of the Complaint.

62.     Denies the allegations set forth in paragraph "62" of the Complaint.

63.     Denies the allegations set forth in paragraph "63" of the Complaint.

64.     Denies the allegations set forth in paragraph "64" of the Complaint.

65.     Denies the allegations set forth in paragraph "65" of the Complaint.

**THIRD CAUSE OF ACTION**
**(Violation of the Patient Protection and Affordable Care [*sic*] 42 U.S.C. § 18116, *et seq.*)**

66.     In response to the allegations set forth in paragraph "66" of the Complaint, Defendant repeats, reiterates and realleges each and every response to paragraphs "1" through "65" of the Complaint as if fully set forth herein.

67.     The allegations set forth in paragraph "67" of the Complaint constitute conclusions of law to which no response is required, and Defendant respectfully refers all conclusion of law to the Court.

68.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint and respectfully refers all questions of law to the Court.

69.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint and respectfully refers all questions of law to the Court.

70.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint and respectfully refers all questions of law to the Court.

71.     Denies the allegations set forth in paragraph "71" of the Complaint.

72.     Admits the allegations set forth in paragraph "72" of the Complaint.

73.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint and respectfully refers all questions of law to the Court.

74.     The allegations set forth in paragraph "74" of the Complaint constitute conclusions of law to which no response is required, and Defendant respectfully refers all conclusion of law to the Court.

75.     Denies the allegations set forth in paragraph "75" of the Complaint.

76.     Denies the allegations set forth in paragraph "76" of the Complaint.

77.     Denies the allegations set forth in paragraph "77" of the Complaint.

78.     Denies the allegations set forth in paragraph "78" of the Complaint.

79.     Denies the allegations set forth in paragraph "79" of the Complaint.

80.     Denies the allegations set forth in paragraph "80" of the Complaint.

81.     Denies the allegations set forth in paragraph "81" of the Complaint.

82.     Denies the allegations set forth in paragraph "82" of the Complaint.

83.     Denies the allegations set forth in paragraph "83" of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Violation of Titles [*sic*] III of the Americans with Disabilities Act)**
(Injunctive Relief)

84.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Complaint and respectfully refers all questions of law to the Court.

85.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint and respectfully refers all questions of law to the Court.

86.     In response to the allegations set forth in paragraph "86" of the Complaint, admit that Defendant operates a rehabilitation and nursing facility otherwise denies knowledge or information sufficient to form a belief as to the truth of such allegations and respectfully refers all legal conclusions to the Court. Defendant denies any conduct forming the basis of the claims set forth in the Complaint.

87.     Denies the allegations set forth in paragraph "87" of the Complaint.

2.      Denies the allegations set forth in paragraph "2" of the Complaint [*sic*].[1]

88.     Denies the allegations set forth in paragraph "88" of the Complaint.

89.     Denies the allegations set forth in paragraph "89" of the Complaint.

90.     Denies the allegations set forth in paragraph "90" of the Complaint.

91.     Denies the allegations set forth in paragraph "91" of the Complaint.

92.     Denies the allegations set forth in paragraph "92" of the Complaint.

93.     Denies the allegations set forth in paragraph "93" of the Complaint.

---

[1] The Complaint's paragraphs are arranged in numerical order with the exception of a likely typographical error on page 14 of the Complaint where there is an errand paragraph number "2" in between the paragraphs numbered "87" and "88.

94.     Denies the allegations set forth in paragraph "94" of the Complaint.

95.     Denies the allegations set forth in paragraph "95" of the Complaint.

96.     Denies the allegations set forth in paragraph "96" of the Complaint.

97.     The allegations set forth in paragraph "97" of the Complaint constitute conclusions of law to which no response is required, and Defendant respectfully refers all conclusion of law to the Court. Defendant denies any conduct forming the basis of the claims set forth in the Complaint, including that it presumably has not achieved accessibility.

98.     Denies the allegations set forth in paragraph "98" of the Complaint.

99.     Denies the allegations set forth in paragraph "99" of the Complaint.

100.    Denies the allegations set forth in paragraph "100" of the Complaint.

101.    Denies the allegations set forth in paragraph "101" of the Complaint.

102.    Denies the allegations set forth in paragraph "102" of the Complaint.

103.    Denies the allegations set forth in paragraph "103" of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Violations of New York State Human Rights Law)**

104.    In response to the allegations set forth in paragraph "104" of the Complaint, Defendant repeats, reiterates and realleges each and every response to paragraphs "1" through "103" of the Complaint as if fully set forth herein.

105.    The allegations set forth in paragraph "105" of the Complaint constitute conclusions of law to which no response is required, and Defendant respectfully refers all conclusion of law to the Court. Defendant denies any conduct forming the basis of the claims set forth in the Complaint.

106.    Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" and Defendant respectfully refers all conclusion of law to the Court.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" except admit that it operates a rehabilitation and nursing facility at 69-70 Grand Central Parkway, Forest Hills, NY, United States, 11375, and Defendant respectfully refers all conclusion of law to the Court.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" except admit that it operates a rehabilitation and nursing facility at 69-70 Grand Central Parkway, Forest Hills, NY, United States, 11375, and Defendant respectfully refers all conclusion of law to the Court.

109.    Denies the allegations set forth in paragraph "109" of the Complaint.

110.    Denies the allegations set forth in paragraph "110" of the Complaint.

111.    Denies the allegations set forth in paragraph "111" of the Complaint.

112.    Denies the allegations set forth in paragraph "112" of the Complaint.

113.    Denies the allegations set forth in paragraph "113" of the Complaint.

114.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" except admit that it operates a rehabilitation and nursing facility at 69-70 Grand Central Parkway, Forest Hills, NY, United States, 11375, and Defendant respectfully refers all conclusion of law to the Court.

115.    Denies the allegations set forth in paragraph "115" of the Complaint.

116.    Denies the allegations set forth in paragraph "116" of the Complaint.

117.    Denies the allegations set forth in paragraph "117" of the Complaint.

118.    Denies the allegations set forth in paragraph "118" of the Complaint.

119.    Denies the allegations set forth in paragraph "119" of the Complaint.

120.    Denies the allegations set forth in paragraph "120" of the Complaint.

**SIXTH CAUSE OF ACTION**
**(Violations of New York State Civil Rights Law)**
(Statutory Damages on Behalf of Plaintiff)

121.    In response to the allegations set forth in paragraph "121" of the Complaint, Defendant repeats, reiterates and realleges each and every response to paragraphs "1" through "120" of the Complaint as if fully set forth herein.

122.    Denies the allegations set forth in paragraph "122" of the Complaint.

123.    Denies the allegations set forth in paragraph "123" of the Complaint.

124.    Denies the allegations set forth in paragraph "124" of the Complaint.

125.    Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125."

**SEVENTH CAUSE OF ACTION**
**(Violations of New York City Human Rights Law)**

126.    In response to the allegations set forth in paragraph "126" of the Complaint, Defendant repeats, reiterates and realleges each and every response to paragraphs "1" through "125" of the Complaint as if fully set forth herein.

127.    Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127."

128.    The allegations set forth in paragraph "128" of the Complaint constitute conclusions of law to which no response is required, and Defendant respectfully refers all conclusion of law to the Court.

129. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" and Defendant respectfully refers all conclusion of law to the Court.

130. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" and Defendant respectfully refers all conclusion of law to the Court.

131. Denies the allegations set forth in paragraph "131" of the Complaint.

132. Denies the allegations set forth in paragraph "132" of the Complaint.

133. Denies the allegations set forth in paragraph "133" of the Complaint.

134. Denies the allegations set forth in paragraph "134" of the Complaint.

135. Denies the allegations set forth in paragraph "135" of the Complaint.

136. Denies the allegations set forth in paragraph "136" of the Complaint.

137. Denies the allegations set forth in paragraph "137" of the Complaint.

138. Denies the allegations set forth in paragraph "138" of the Complaint.

139. Denies the allegations set forth in paragraph "139" of the Complaint.

140. Denies the allegations set forth in paragraph "140" of the Complaint.

141. Denies the allegations set forth in paragraph "141" of the Complaint.

142. Denies the allegations set forth in paragraph "142" of the Complaint.

143. Denies the allegations set forth in paragraph "143" of the Complaint.

144. Denies the allegations set forth in paragraph "144" of the Complaint.

145. Denies the allegations set forth in paragraph "145" of the Complaint.

146. Denies the allegations set forth in paragraph "146" of the Complaint.

147. Denies the allegations set forth in paragraph "147" of the Complaint.

148.    Denies the allegations set forth in paragraph "148" of the Complaint.

149.    Denies the allegations set forth in paragraph "149" of the Complaint.

150.    Denies the allegations set forth in paragraph "150" of the Complaint.

151.    Denies the allegations set forth in paragraph "151" of the Complaint.

152.    Denies the allegations set forth in paragraph "152" of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of the Complaint, including but not limited to those set forth in subsections (A) through (K).

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses and affirmative defenses, as the latter are defined in Fed. R. Civ. P. 8(c), without assuming any burden of proof that otherwise does not exist as a matter of law.

## AS AND FOR A FIRST DEFENSE

153.    The claims alleged in the Complaint fail to state any grounds upon which relief can or should be granted by this Court against Defendant.

## AS AND FOR A SECOND DEFENSE

154.    At all times relevant hereto, Defendant acted in good faith, without malice, and did not act in a wrongful manner.

## AS AND FOR A THIRD DEFENSE

155.    Defendant has a partial and/or complete defense based upon documentary records and evidence.

## AS AND FOR A FOURTH DEFENSE

156. All actions taken by the Defendant with respect to Plaintiff were lawful, were made in good faith compliance with applicable provisions of law, rules and regulations, and all actions were taken for legitimate non-discriminatory, non-retaliatory, non-prohibited reasons.

## AS AND FOR A FIFTH DEFENSE

157. Defendant has maintained policies prohibiting harassment, discrimination and/or retaliation and exercised reasonable care to prevent any alleged incidents, and Plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities.

## AS AND FOR SIXTH DEFENSE

158. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, unclean hands, laches and/or waiver.

## AS AND FOR A SEVENTH DEFENSE

159. Any recovery for Plaintiff's claims is barred to the extent he failed to mitigate his damages.

## AS AND FOR AN EIGHTH DEFENSE

160. Plaintiff's damages, if any, were caused by Plaintiff or third parties over which Defendant has no control, and not as a result of any act or omission of Defendant.

## AS AND FOR A NINTH DEFENSE

161. Any injury or harm suffered by Plaintiff was caused by a superseding or intervening cause for which Defendant is not legally responsible.

## AS AND FOR A TENTH DEFENSE

162. Plaintiff failed to exhaust all required administrative remedies prior to filing this action.

15

## AS AND FOR AN ELEVENTH DEFENSE

163.    Any accommodations requested by Plaintiff would impose an undue hardship on Defendant's operations, would fundamentally alter the nature of Defendant's services, programs, or activities., or would pose a direct threat to the health or safety of others.

## AS AND FOR A TWELFTH DEFENSE

164.    Plaintiff was not denied any reasonable accommodation necessary to afford him equal opportunity to use and enjoy Defendant's facility.

## AS AND FOR A THIRTEENTH DEFENSE

165.    Plaintiff is not a qualified individual with a disability or an aggrieved person within the meaning of the applicable statutes.

## AS AND FOR A FOURTEENTH DEFENSE

166.    Defendant's facility does not constitute a dwelling, a covered entity, a housing accommodation, a public accommodation, or a program or activity, within the meaning of the applicable statutes, and Plaintiff does not have the requisite relationship with Defendant's facility such that he is entitled to the protections under any of the applicable statutes.

## AS AND FOR A FIFTEENTH DEFENSE

167.    Defendant's policies and practices were in compliance with applicable federal, state, and local regulations governing skilled nursing facilities and nursing homes.

## AS AND FOR A SIXTEENTH DEFENSE

168.    Defendant never acquiesced, condoned, aided, or abetted any alleged improper conduct.

### AS AND FOR A SEVENTEENTH DEFENSE

169.    The Complaint is barred in whole or in part by the statute of limitations under the respective laws.

### AS AND FOR AN EIGHTEENTH DEFENSE

170.    Plaintiff has not suffered actual damages compensable under the statutes invoked, or the damages claimed are speculative, remote, conjectural, or otherwise not recoverable as a matter of law.

### AS AND FOR A NINETEENTH DEFENSE

171.    Plaintiff is not entitled to punitive damages because Defendant's conduct was neither willful, wanton, malicious, nor in reckless disregard of Plaintiff's rights. Defendant acted reasonably and in good faith at all times.

### AS AND FOR A TWENTIETH DEFENSE

172.    Plaintiff is not entitled to injunctive or equitable relief because Plaintiff has an adequate remedy at law, Plaintiff has not shown a likelihood of future injury, Plaintiff's claims are moot, and the balance of equities and public interest do not favor injunctive relief.

### AS AND FOR A TWENTY-FIRST DEFENSE

173.    To the extent Plaintiff seeks to hold Defendant vicariously liable for the conduct of its employees or agents, such employees or agents were not acting within the scope of their employment or authority, or their conduct does not give rise to vicarious liability under applicable law.

## AS AND FOR A TWENTY-SECOND DEFENSE

174.    This action is not properly a class action because Plaintiff is not similarly situated to the class of persons she seeks to represent; the claims lack typicality; individual questions predominate over questions applicable on a class-wide basis; and the purported class lacks numerosity. Accordingly, Plaintiff lacks standing to prosecute the instant action on a class-wide basis.

## AS AND FOR A TWENTY-THIRD DEFENSE

175.    Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint because Plaintiff has not suffered a concrete, particularized, and actual or imminent injury fairly traceable to Defendant's alleged conduct, and redressability by the relief sought.

## AS AND FOR A TWENTY-FOURTH DEFENSE

176.    Any conduct by Defendant constituted nothing more than a petty slight or trivial inconvenience and is thus not actionable under any of the statutes or regulations at issue in this action.

## AS AND FOR A TWENTY-FIFTH DEFENSE

177.    Defendant reserves the right to assert additional affirmative defenses as warranted based on the results of further investigation and discovery in this matter

**WHEREFORE**, Defendant Fairview Nursing Care Center, Inc., demands judgment dismissing Plaintiff's complaint in its entirety, together with the costs and disbursements of this action, and for any other relief that the court deems just and proper.

Dated: White Plains, New York
         July 24, 2026

**TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP**
*Attorneys for Defendant
Fairview Nursing Care Center, Inc.*

By:    *Hillary J. Raimondi*

Hillary J. Raimondi, Esq.
William F. Knight IV, Esq.
445 Hamilton Avenue, Suite 900
White Plains, New York 10601
(914) 347-2600
hraimondi@tlsslaw.com
wknight@tlsslaw.com

TO:    All Counsel (via ECF)